

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,097-01

**EX PARTE JOSHUA ANDERSON FANT-CLARK, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 18368A IN THE 21ST DISTRICT COURT
### FROM WASHINGTON COUNTY

*Per curiam*.

#### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted of robbery and sentenced to seventeen years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance because he coerced Applicant into pleading guilty by telling him that he would be severely punished if he did not accept the State's plea offer and by telling him that he could not do an open plea to the judge. The State contends that Applicant was indicted for aggravated robbery and allowed to plead guilty to robbery, but the habeas record forwarded to this Court reflects that Applicant waived the indictment and was

charged by complaint and information with a simple robbery.

On November 7, 2018, this Court remanded this application for an affidavit from counsel and findings from the trial court. We received a supplemental record on February 4, 2019. The supplemental record does not support all of the trial court's findings and recommendation.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to file a supplemental response stating what he believed to be the aggravating factor in the allegation of robbery. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact regarding what, specifically, was the factor which raised the offense from the robbery alleged in the complaint to aggravated robbery. The trial court shall supplement the record with any documents supporting an aggravated robbery charge in this cause. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 27, 2019
Do not publish